NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

07-129

STATE OF LOUISIANA

VERSUS

ROBERT WAGNER, JR.

\*\*\*\*\*\*\*\*\*\*
APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 05-1805
HONORABLE LORI A. LANDRY, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

ULYSSES GENE THIBODEAUX
CHIEF JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, John D. Saunders, and Marc T. Amy, Judges.

SENTENCED VACATED AND CASE REMANDED TO TRIAL COURT.

Honorable J. Phillip Haney
District Attorney, 16th Judicial District Court
300 Iberia Street - Suite 200
New Iberia, LA 70560
COUNSEL FOR:
    Plaintiff/Appellee - State of Louisiana

Jeffrey J. Trosclair
Assistant District Attorney, 16th Judicial District Court
St. Mary Parish Courthouse
Franklin, LA 70538
Telephone:  (337) 828-4100
COUNSEL FOR:
    Plaintiff/Appellee - State of Louisiana

**Sherry Watters**
**Louisiana Appellate Project**
**P. O. Box 58769**
**New Orleans, LA 70158-8769**
**Telephone: (504) 723-0284**
**COUNSEL FOR:**
**Defendant/Appellant - Robert Wagner, Jr.**

**THIBODEAUX, Chief Judge.**

On November 16, 2005, the Defendant entered a plea of guilty to one count of possession of testosterone and one count of possession of nandrolone. Several other felony and misdemeanor charges were dismissed. As part of the plea agreement, the State agreed not to seek enhancement of the Defendant's sentences under La.R.S. 15:529.1.

On August 24, 2006, the Defendant was ordered to serve five years at hard labor, to run concurrently with the sentences imposed in trial court docket numbers 04-288 and 04-1730.[1] The trial court did not specify whether the sentence imposed was for the offense of possession of testosterone or possession of nandrolone and it did not sentence the Defendant on each count.

The Defendant is now before this court asserting one assignment of error. Therein, he contends the trial court erred in imposing an unconstitutionally excessive sentence on him, a twenty-three-year-old first felony offender. We shall not consider this assertion, as we have concluded that the Defendant's sentence be vacated due to an error patent.

Although the Defendant entered guilty pleas under trial court docket number 05-1805 to one count of possession of testosterone and one count of nandrolone, the trial court imposed only one sentence and the trial court failed to specify for which of the offenses it is imposing the sentence. The sentencing transcript provides, in pertinent part:

> Under Docket #04-228, for each count of Distribution of Cocaine, ten years, hard labor, which I will suspend all but four. To run concurrent with each other and to run concurrent with the sentence under Docket #04-1730, Possession with the Intent to Distribute Cocaine,

---

[1]At the time the Defendant entered his guilty plea in the docket number before this court, he also pled guilty in trial court docket numbers 04-288 and 04-1730, which are currently before this court, having been assigned docket numbers 08-127 and 08-128.

twelve years, hard labor, suspend all but six, to run concurrent with sentence in Docket #05-1804 [sic], Possession of a Schedule III, five years, hard labor, to run concurrent with the sentences under 04-1730 and 04-228.[2]

Consequently, the sentence imposed is indeterminate and is set aside. This case is remanded to the trial court for resentencing on both counts, possession of testosterone and possession of nandrolone. *See* La.Code Crim.P. art. 879 and *State v. Hongo*, 625 So.2d 610 (La.App. 3 Cir. 1993), *writ denied*, 93-2774 (La. 1/13/94), 631 So.2d 1163.

## ASSIGNMENT OF ERROR

In his only assignment of error, the Defendant contends the trial court erred in imposing unconstitutionally excessive sentences on him, a twenty-three-year-old first felony offender.

This assignment of error will not be addressed, as we have vacated the Defendant's sentence due to an error patent.

## CONCLUSION

The Defendant's sentence is vacated. This case is remanded for resentencing on both counts, possession of testosterone and possession of nandrolone.

_____**SENTENCE VACATED AND CASE REMANDED TO TRIAL COURT.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION. Rule 2-16.3, Uniform Rules—Courts of Appeal.

---

[2]The transcript of the sentencing proceeding indicates the trial court mistakenly referred to the trial court docket number as 05-1804, instead of 05-1805.